IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY MIDDLETON, Individually
and on Behalf of All Others Similarly Situated                                    PLAINTIFF

v.                                    Case No. 4:18-cv-4112

HEMPSTEAD COUNTY, ARKANSAS                                                        DEFENDANT

## ORDER

Before the Court is Plaintiff Gary Middleton's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information. ECF No. 13. Defendant Hempstead County, Arkansas, has filed a response. ECF No. 15. Plaintiff has filed a reply. ECF No. 20. The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed his complaint on August 1, 2018. ECF No. 1. Plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq*. ECF No. 1, ¶ 1.

From July 2014 through May 2018, Plaintiff was a detention officer employed by the Hempstead County Sheriff's Department. Plaintiff claims that Defendant failed to pay him, and others similarly situated, proper overtime compensation. ECF No. 1, ¶¶ 2, 22, 30. Specifically, Plaintiff alleges that Defendant "did not pay [him and others similarly situated] . . . one and one-half (1.5) times their regular rate for their overtime hours." ECF No. 1, ¶ 33. Plaintiff claims that he was an hourly-paid employee of Defendant and "was routinely required to work in excess of

forty (40) hours per week" and "in excess of 171 hours in a 28-day work period." ECF No. 1, ¶¶ 19, 29, 31.

Plaintiff states in his complaint that he brings his FLSA claim individually and on behalf of "all Detention Officers, Jailers, and similar detention center employees employed by Defendant within the past three years." ECF No. 1, ¶ 83. As for Plaintiff's AMWA claim, Plaintiff seeks recovery individually and collectively, proposing to represent the class of individuals defined as "all Detention Officers, Jailers and similar detention center employees employed by Defendant in Arkansas within the past three years." ECF No. 1, ¶ 92.

In the present motion, Plaintiff asks the Court to conditionally certify, pursuant to the FLSA, the following class: all non-patrol detention officers/jailers employed by Hempstead County since August 1, 2015. Plaintiff also "requests a period of ninety (90) days to distribute *Notice* and *Consent* forms . . . and requests this Court to enter an Order directing Defendant to provide the names, current and/or last known mailing addresses, and cell phone numbers, or alternatively email addresses, of potential opt-in Plaintiffs no later than one (1) week after the date of the entry of the Order granting this Motion." ECF No. 13, ¶ 5. Plaintiff also seeks the Court's permission "to provide the *Notice* to potential opt-in Plaintiffs via text message and traditional U.S. mail" and to "distribute a reminder postcard via traditional U.S. mail and a follow-up text message." ECF No. 13, ¶ 6. Alternatively, should the Court deny Plaintiff's request for text messaging as a method of distribution, Plaintiff requests that the Court approve the use of email as a method of distribution. ECF No. 13, ¶ 7. Finally, Plaintiff seeks Court approval to include a copy of the complaint "as well as Defendant's Answer thereto, if requested, along with the *Notice*." ECF No. 13, ¶ 8.

In response, Defendant argues that Plaintiff's motion should be denied because the proposed class definition does not outline a "similarly situated" group as contemplated by the FLSA. ECF No. 15, p. 3. Defendant also takes the position that "the proposed notices to the targeted group are unduly coercive and intrusive in method, means, and manner" and thus Plaintiff's conditional certification motion should be denied. ECF No. 15, p. 4-5.

## II. DISCUSSION

The Court is faced with two tasks. First, the Court must determine whether conditional certification of the proposed class is proper under the FLSA. Second, if the Court finds such conditional certification proper, the Court must outline the correct means of providing notice to potential class members and set procedures by which a plaintiff may opt in.

The FLSA allows for "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime provisions. 29 U.S.C. § 216(b). The Eighth Circuit has not explicitly defined what "similarly situated" means in regard to the propriety of class certification, but this Court, as well as other district courts in the Eighth Circuit and numerous Courts of Appeal, follow the two-tiered approach to FLSA conditional class certification as established by *Mooney v. Aramco Service*, 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *See, e.g., Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544 (6th Cir. 2006); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937 (W.D. Ark. 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163-1169 (D. Minn. 2007); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005). Under this approach, certification for collective action is divided into two stages: (1) the notice stage and (2) the opt-in or merits stage. *Mooney,* 54 F.3d at 1213-1214. During the notice stage, the Court "makes a decision—usually

based only on the pleadings and affidavits which have been submitted—whether notice should be given to potential class members." *Id.* at 1213.  If the Court allows for notification, the Court typically creates conditional certification of a representative class and allows notice to be sent to the potential opt-in plaintiffs. *Id.* at 1214.

At the second stage of the two-stage process, the Court determines whether the class should be maintained through trial. *Id.*  Typically, the second stage is precipitated by a motion to decertify by the defendant, which is usually filed when discovery is largely complete. *Id.*  If the Court decides to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacities. *Id.*

### A. Conditional Certification in the Present Case

During this first stage of certification, the Court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *See Thiessen*, 267 F.3d at 1106-07.  Further, at this stage, the Court does not make credibility determinations or resolve contradictory evidence presented by the parties. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996).  Instead, the Court determines whether, under the lenient standard of the notice stage, the named plaintiffs, through their pleadings and affidavits, have demonstrated that they are "similarly situated" to the potential collective action members. *See* 29 U.S.C. § 216(b); *Thiessen*, 267 F.3d at 1106-07.  Although the FLSA does not define the term "similarly situated," it typically requires a showing that the plaintiffs and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *See Thiessen*, 267 F.3d at 1106-08; *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007).  Further, the "similarly situated" determination requires only a modest factual showing; it does not require the plaintiff and the potential class members to show that they

4

are identically situated. *See Kautsch*, 504 F. Supp. 2d at 689-690. Numerous courts take the position that conditional certification may be based solely on the complaint and supporting affidavits. *See*, *e.g.*, *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker*, 492 F. Supp. 2d at 1164 ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez*, 515 F. Supp. 2d at 940.

In the case at bar, Plaintiff maintains that he has satisfied the lenient conditional certification standard under this two-tiered approach. Defendant takes the position that Plaintiff has not met the standard, claiming that the proposed class "is drawn entirely irrespective of the allegations in this case and working conditions and situations of the putative members of the collective." ECF No. 15, p. 3. Although Defendant correctly argues that the class description is broad, it is not so broad as to appear to obviously encompass individuals who were not subject to the allegedly illegal policies and procedures. Plaintiff contends that all non-patrol detention workers/jailers employed by Defendant were subject to a common policy of underpayment. Indeed, Plaintiff seeks FLSA relief based on the contention that he was employed by Defendant and was subject to the common practice of underpayment. Plaintiff has signed a declaration to that effect. ECF No. 13-7. Based on this assertion and the supporting declaration, it appears that Plaintiff's proposed class is not overly broad, as those in the proposed class (1) likely worked under conditions similar to Plaintiff and were subject to the same policies and practices of which Plaintiff complains; (2) worked in the same facility; and (3) had the same or similar work responsibilities.

Therefore, the Court finds that Plaintiff's proposed class should be conditionally certified.

### B. Proposed Means of Providing Notification to Potential Class Members

Once the Court has determined that potential opt-in plaintiffs may be similarly situated for the purposes of authorizing notice, the Court certifies the collective action, and plaintiffs send court-approved notice to potential class members. *See Kautsch,* 504 F. Supp. 2d at 689-690. The district courts have discretion, in appropriate cases, to facilitate notice to potential members of the class on whose behalf the collective action has been brought. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

"[T]he Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing *Hoffmann-La Roche*, 493 U.S. at 170). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). Courts may authorize limited discovery in order to facilitate notice, including discovery related to the names and addresses of potential plaintiffs. *See Hoffmann-La Roche*, 493 U.S. at 170-71. Once the FLSA action has been filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way. *Id.*

In the present case, Plaintiff proposes various forms of notice and has attached the notice and consent documents he proposes to distribute. Specifically, Plaintiff requests Court approval to (1) send potential opt-in plaintiffs notice and consent forms by U.S. mail and text message (or

alternatively, email); (2) send potential opt-in plaintiffs a follow-up postcard and text message after the initial mailing of notice; and (3) include Plaintiff's original complaint and Defendant's answer, if requested, along with the notice.  ECF No. 13, pp. 2-3.  Defendant argues that these proposed methods of distributing notice to potential opt-in plaintiffs are "unduly coercive and intrusive in method, means, and manner" as well as "repetitive" and "potentially misleading."  ECF No. 15, pp. 4-5.  The Court will address each of Plaintiff's proposed forms of notice and attendant issues in turn.

Plaintiff asks the Court to "approve Plaintiff's proposed collective action class mail Notice (ECF No. 13-1), mail Consent form (ECF No. 13-2), and Follow-Up Postcard (ECF No. 13-3) to be sent through U.S. Mail and set a ninety-day opt-in period."  ECF No. 14, p. 13.  In addition to providing notice via U.S. Mail, Plaintiff asks the Court for permission to "disseminate notice via text message and link to electronic Notice and Consent."  ECF No. 14, p. 15.  Defendant raises general objections that take issue with (1) the number of proposed notices to be sent to potential opt-in plaintiffs; (2) "potentially misleading" statements in the notice itself; and (3) the use of "excessive coercion."  ECF No. 15, pp. 5-6.

### 1. Notice via U.S. Mail and Text Message

Defendant appears to argue that sending potential opt-in plaintiffs notice by both U.S. Mail and text message and then sending both a follow-up postcard and text message would be repetitive, unduly coercive, and intrusive. ECF No. 15, p. 5. Electronic communication is commonly utilized and is an appropriate, convenient, and efficient manner of communication with potential plaintiffs in FLSA actions.  The Court finds it appropriate to allow one notice via a traditional communication method (U.S. mail) and one notice via an electronic communication.  Thus, the

7

Court will allow simultaneous notice by both U.S. Mail and text message.[1]  However, the Court finds that one follow-up postcard is sufficient and that a follow-up text message is unnecessary. Accordingly, the Court approves the mailing of a follow-up postcard to potential opt-ins who do not respond after thirty (30) days of distributing the Court-approved notice.

### 2. Notice and Consent Documents

Defendant also raises an objection regarding the following statement found in the Notice of Right to Join Lawsuit: "If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Texarkana, Arkansas." ECF No. 13-1, p. 2.  Defendant argues that this statement is potentially misleading and "effectively ignore[s] the possibility of pre-trial case resolution adverse to the Plaintiff(s)." ECF No. 15, p. 5.

"Settled" is a term with specific and well-known legal connotations.  To the untrained reader, inclusion of this language may make it appear that an award is all-but-certain for Plaintiff and the collective class.  Therefore, the language should be altered to ensure that potential opt-in plaintiffs are not led astray.  Defendant has not proposed language to remedy the issue, therefore, the Court is left to craft a statement sufficient to apprise the reader of the fact that the case may be disposed of prior to trial in favor of either party.  As such, the Court finds that the statement should be altered to read as follows: "If the case is not dismissed, settled, or decided on the merits prior to the trial date, a trial will be held at the United States District Court for the Western District of Arkansas in Texarkana, Arkansas."

Defendant also objects to the following language used in the Notice of Right to Join Lawsuit: "**CONSENT MUST BE RETURNED BY** . . . ." Defendant argues that this "imperative command" placed on the bottom of each page of the notice in bold font is unduly coercive.  The

---

[1] Because the Court approves Plaintiff's request to disseminate notice by text message, the Court will not address Plaintiff's alternative request to disseminate notice by email.

Court agrees that this language is too strong and possibly misleading in that it implies that the consent forms must be returned and does not account for a scenario in which a potential opt-in plaintiff chooses not to opt-in. Defendant has not proposed language to remedy the issue, therefore the Court is left to craft a more neutral statement. As such, the Court finds that the statement should be altered to read as follows: "**IF YOU CHOOSE TO OPT IN, THE DEADLINE TO RETURN THE CONSENT FORM IS** . . . . "

Regarding the proposed language of the text message Plaintiff's counsel intends to send potential opt-in plaintiffs (ECF No. 13-4) and the proposed consent form (ECF 13-2), Defendant has not raised any objections. Upon review, the Court finds that the language to be included in the text message and consent form is reasonable. As such, Plaintiff is permitted to use the proposed language.

Plaintiff requests that the Court direct Defendant to provide the names, current and/or last known mailing addresses, and cell phone numbers of potential opt-in plaintiffs no later than one week after the date of the entry of this Order. Defendant does not object to this request; however, the Court finds that a two-week deadline for providing the information is more reasonable. Thus, Defendant shall provide to Plaintiff the name, current and/or last known mailing addresses, and cell phone number of any individual who meets the class definition. The list must be produced in a usable electronic format. Defendant shall deliver this information to Plaintiff's counsel within fourteen (14) days of the entry of this Order

Plaintiff also requests "a period of ninety (90) days during which to distribute notice and file opt-in plaintiffs' consent forms with the Court." ECF No. 14, p. 14. Furthermore, Plaintiff "asks this Court for permission to send the Follow-Up Postcard (ECF No. 13-3) to potential opt-ins who do not respond after thirty (30) days of sending the Court-approved notice." ECF No. 14,

p. 14. Defendant does not object to these requests. The Court finds that a ninety (90) day opt-in period is reasonable. Likewise, the Court finds that it is reasonable to wait thirty (30) days to send a follow-up postcard to potential opt-in plaintiffs who do not respond.

Plaintiff requests permission to include copies of the Complaint and Defendant's Answer, if requested, with the notice and consent packet. Defendant does not object to this request and does not appear to have requested that a copy of the Answer be included. However, in the interest of fairness, the Court will order that the Answer be included. Including the Complaint and Answer is reasonable as it will give potential opt-in plaintiffs a better understanding of the nature of the present litigation and aid them in deciding whether to opt in.

Finally, Plaintiff requests that the Court order Defendant to "post the Notice at its facilities where current putative collective members work for Defendant in the same areas in which it is required to post government-required notices." ECF No. 13, ¶ 9. Defendant does not object to this request and thus the Court will order Defendant to post the Notice of Right to Joint Lawsuit at is facilities where putative collective members work.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information (ECF No. 13) should be and hereby is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) A class as defined in this Order is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

(2) The Court approves the proposed Notice of Right to Join Lawsuit form, once edited to comply with this Order.

(3) The Court approves the proposed Consent to Join Collective Action form and the Complaint and Answer should be included in the notice packet.

(4) The Court approves sending the notice packet to potential Plaintiffs via U.S. Mail and text message.

(5) The Court approves the Second Notice of Right to Join Lawsuit postcard and approves sending the postcard to any class member who has not responded within thirty (30) days of the mailing of the written notice.

(6) Defendant shall post the Notice of Right to Join Lawsuit at facilities where current putative collective members work for Defendant. The Notice should be posted in the same areas where Defendant is required to post government-required notices.

(7) Defendant is hereby directed to produce the name, current and/or last known mailing addresses, and cell phone number of any individual who meets the class definition. The list must be produced in a usable electronic format. Defendant shall deliver this information to Plaintiff's counsel within fourteen (14) days of the entry of this Order, with the understanding that Plaintiff's counsel is to treat this information as confidential and is not to disclose it to third parties.

(8) Plaintiff shall have ninety (90) days from the date Defendant delivers the requisite contact information in which to distribute the notice and consent documents and to file signed consent forms of opt-in plaintiffs with the Court.

**IT IS SO ORDERED**, this 21st day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge