IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY MIDDLETON, Individually and
On Behalf of All Others Similarly Situated                                    PLAINTIFF

v.                                  Case No. 4:18-cv-4112

HEMPSTEAD COUNTY, ARKANSAS                                                    DEFENDANT

## ORDER

Before the Court is Defendant's Motion in Limine.[1] (ECF No. 30). Plaintiff filed a response.[2] (ECF No. 37). The Court finds the matter ripe for consideration.

### I.  BACKGROUND

On August 1, 2018, Plaintiff filed his complaint, seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.*, for failure to pay overtime. ECF No. 1, ¶ 1. The Court conditionally certified the following collective: all non-patrol detention officers/jailers employed by Hempstead County since August 1, 2015.[3] ECF No. 21, p. 2. Two individuals have opted into the collective action. This case is set for trial the week of September 21, 2020.

On January 11, 2019, Plaintiff served his mandatory Rule 26(a) initial disclosures on Defendant. (ECF No. 30-1). One component of the initial disclosures required a computation of each category of damages Plaintiff claims, plus production of any non-privileged evidentiary material supporting those damages. Plaintiff's initial disclosures indicated that "damages in this

---

[1] Defendant has also filed a Motion for Summary Judgment based on the same issue presented in the instant motion. ECF No. 32.
[2] Plaintiff's response refers the Court to the response (ECF No. 35) he filed in opposition to Defendant's summary judgment motion (ECF No. 32). Because the issues presented in the instant motion and the summary judgment motion are intertwined, the Court will also consider Defendant's brief in support of its summary judgment motion (ECF No. 33) and reply to Plaintiff's response to the summary judgment motion. ECF No. 38.
[3] Plaintiff never asked the Court to certify a class regarding the AMWA claims.

case have not been calculated." ECF No. 30-1, p. 3.  Plaintiff disclosed that Plaintiff is seeking the following categories of damages but did not disclose any computations:  pre-judgment and post-judgment interest; liquidated damages; compensatory damages in the form of front pay and back pay; statutory damages; punitive damages; court costs; and attorney's fees.  ECF No. 30-1, p. 3.  Plaintiff indicated that he would "supplement this disclosure after he receives from Defendant complete information as to pay rates and hours worked, and workweeks for the relevant time period." ECF No. 30-1, p. 3.

During discovery, Defendant sent Plaintiff all time sheets and payroll records in its possession for Plaintiff and one opt-in.  The discovery deadline passed on May 25, 2020.[4]  ECF No. 26.  In a May 26, 2020 email, Plaintiff's counsel asked Defendant's counsel to send payroll records for the second opt-in.  ECF No. 30-3, p. 4.  In the same email, Plaintiff's counsel stated that he intended to send Defendant "supplemental initial damages disclosures." ECF No. 30-3, p. 4.  That same day, Defendant's counsel responded with the requested information and pointed out that he had not yet received any damages computations in this case.  ECF No. 30-3, p. 3.  Plaintiff's counsel then replied that he would need until May 29, 2020 to send the damages computations and supplemental initial disclosures.  On June 2, 2020, Defendant's counsel inquired again about damages computations and supplemental initial disclosures.  ECF No. 30-3, p. 2.  Plaintiff's counsel replied that he hoped to have them finished that day or the next morning.  ECF No. 30-3, p. 1.

On June 25, 2020, Defendant filed the instant motion in limine, asking the Court to prohibit Plaintiff from offering evidence of undisclosed damages at trial because he failed to supplement

---

[4] Plaintiff states that "[t]he discovery period in the case ended on May 25 without either party propounding formal, written discovery or taking a single deposition." ECF No. 35, p. 4.  Plaintiff further states that "counsel for the parties agreed to informally exchange information to keep costs down." ECF No. 35, p. 4.  The parties continued to exchange information after the discovery deadline had passed.

2

his initial disclosures and provide damages computations. On July 9, 2020, the same day Plaintiff filed his response to the instant motion, he provided Defendant with damages computations.

## II. DISCUSSION

The term "motion in limine" refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2. (1984). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. This comports with the well-established rule that a "court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d).

"[E]vidence may be excluded on a motion in limine only when the evidence is inadmissible on all potential grounds." *BLB Aviation S.C., LLC v. Jet Linx Aviation LLC*, No. 8:10CV42, 2012 WL 297102, at *1 (D. Neb. Feb. 1, 2012). The movant bears the burden of showing that the challenged evidence is inadmissible. *Id.* Trial courts have broad discretion when ruling on motions in limine. *See Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008).

In the instant motion in limine, Defendant requests that the Court prohibit evidence of Plaintiff's damages at trial pursuant to Federal Rule of Civil Procedure 37 as a discovery sanction for Plaintiff's failure to comply with the initial disclosure and supplement requirements of Federal Rule of Civil Procedure 26(a) and (e). Defendant contends that Plaintiff's untimely disclosure of damages calculations is prejudicial because the disclosure was made after discovery had closed, thereby depriving Defendant of an opportunity to conduct follow-up discovery on damages.

The purpose of discovery "is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968). To this end, parties must make initial disclosures, including a computation of all types of damages, and

must supplement their initial disclosures when they learn of new information. Fed. R. Civ. P. 26(a)(1)(A)(iii); *Janvrin v. Cont'l Res., Inc.*, No. 4:14-cv-4124, 2016 WL 4574665, at *1 (D.S.D. Sept. 1, 2016). If a party fails to timely disclose information contemplated by Rules 26(a) and (e), the Court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Court "may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Wegener*, 527 F.3d at 692. The Court's discretion, however, is not absolute and narrows as the severity of the sanction it elects increases. *Id*. For example, where a sanction is "tantamount to a dismissal of [a party's] claims," the Court should consider lesser sanctions. *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003). When fashioning a remedy or sanction, the Court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

Plaintiff argues that the late disclosure was substantially justified because it was mostly caused by Defendant's delay in getting payroll data and pay rate information to him. Plaintiff further asserts that Defendant still has not produced all the data necessary to provide complete damages calculations. Plaintiff then notes that the COVID-19 pandemic has caused a "general slowing in the pace at which certain tasks, especially document review and damage calculations, can be performed." ECF No. 35, pp. 6-7. While acknowledging that it is his burden to produce damages computations, Plaintiff further argues that Defendant has not suffered harm from the untimely disclosure because the information comprising the damages calculations has always been in Defendant's possession. Finally, in the alternative, Plaintiff argues that the Court should impose

a lesser sanction than to exclude all evidence related to damages because this exclusion would result in dismissal of his case.

There is no question that Plaintiff failed to comply with his mandatory disclosure duties under Rule 26(a). As stated above, Plaintiff was required to disclose the computation of his damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring as part of the initial disclosures "a computation of each category of damages claimed by the disclosing party"). Furthermore, Plaintiff was required to supplement his disclosures "in a timely manner if [he] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to [Defendant] during the discovery process." Fed. R. Civ. P. 26(e)(1)(A).

The Court is not persuaded by Plaintiff's assertion that the untimely disclosure was caused by Defendant's delay in getting information to Plaintiff. In his June 2, 2020 email to Defendant, Plaintiff's counsel stated that he was working to get the damages computations and supplemental disclosures to Defendant's counsel by the end of the day or the next morning "at the latest." ECF No. 30-3, p. 1. Plaintiff's counsel never made mention of needing more information to complete the computations. If Plaintiff's counsel lacked such information, he should have asked for it. The Court is also not persuaded by Plaintiff's assertions that Defendant has not been harmed because it has always possessed the information needed to calculate damages. Rule 26 places the affirmative duty on Plaintiff, as the producing party, to timely provide "a computation of each category of damages" and to promptly supplement initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii) and (e)(1)(A).

Because Plaintiff failed to comply with his discovery obligations, the Court must now decide the appropriate sanction and/or remedy by examining the following factors: (1) the reason

for noncompliance; (2) the surprise and prejudice to the opposing party; (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial; and (4) the importance of the information or testimony. *Wegener*, 527 F.3d at 692.

Plaintiff has not provided a valid excuse for failing to comply with his discovery obligations. It appears that Plaintiff did not even begin to review the documents he claimed were needed to calculate damages until after discovery had already closed. Further, Plaintiff never asked Defendant to produce any additional, necessary documents.

Allowing Plaintiff to offer evidence of damages after failing to timely disclose damages computations is prejudicial to Defendant. The failure to timely disclose damages computations impedes Defendant's ability to place a reasonable estimated value on the case and creates the danger of trial by ambush. The discovery period has ended, the deadline for filing dispositive motions has passed, and the trial is set to begin the week of September 21, 2020. Defendant is prejudiced by the possibility of protracted litigation and unnecessary expenses if discovery must be reopened to allow Defendant an opportunity to examine Plaintiff and the two opt-ins regarding damages and then to possibly file a summary judgment motion. This would also necessitate a continuance of the trial, which would unnecessarily delay this case, burden the Court's docket, and tax judicial resources.

On the other hand, evidence of damages is extremely important to Plaintiff and the two opt-ins, because excluding such evidence would be fatal to their claims as they would be unable to prove the damages element of their claims. Thus, the Court must consider the appropriateness of lesser sanctions. *See Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (stating that "before imposing the sanction of dismissal, fairness requires a court to consider whether a lesser sanction is available or appropriate"). Although the Court is troubled by

Plaintiff's blatant violation of the Federal Rules,[5] the Court could fashion a remedy, such as a continuance, that would cure the prejudice to Defendant.  Accordingly, the Court finds that the exclusion of evidence of damages is not appropriate in this case.  Instead, the Court will continue the trial, re-open discovery for a limited purpose, and set a new dispositive motions deadline.

### III.  CONCLUSION

For the above-stated reasons, Defendant's Motion in Limine (ECF No. 30) and Motion for Summary Judgment[6] (ECF No. 32) is hereby **DENIED**.  The jury trial of this matter is continued to April 6, 2021.  The discovery period is re-opened for the limited purpose of conducting discovery related to damages, and the new discovery deadline is December 7, 2021.  The deadline for filing dispositive motions related to damages is January 5, 2021.  All other deadlines in the final scheduling order (ECF No. 26) remain unchanged.

**IT IS SO ORDERED**, this 21st day of August, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[5] "[L]itigants should not indulge in gamesmanship with respect to the disclosure obligations" because those who so indulge "do their clients no service and necessarily risk the imposition of sanctions." *White Cap Constr. Supply, Inc. v. Tighton Fastener & Supply Corp.*, 2010 WL 148430, at *2 (D. Neb. Jan. 12, 2010).  Plaintiff's counsel is warned that, in the future, a failure to comply with disclosure obligations will be met with harsher sanctions, which could include the dismissal of his client's claims pursuant to Federal Rule of Civil Procedure 37.

[6] Defendant argues that, should the Court decide to exclude from trial the evidence regarding damages, Defendant is entitled to summary judgment on all claims, because Plaintiff and the two opt-ins would be unable to prove that they suffered damages. ECF No. 32, 33.  Because the Court has decided not to exclude evidence regarding damages, summary judgment based on the exclusion of that evidence is not appropriate.