IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY MIDDLETON, Individually
and on Behalf of All Others Similarly Situated                                          PLAINTIFF

v.                            Case No. 4:18-cv-4112

HEMPSTEAD COUNTY, ARKANSAS                                                              DEFENDANT

### MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 44. Plaintiff has filed a response. ECF No. 46. Defendant has filed a reply. ECF No. 48. The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff Gary Middleton alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"),[1] Ark. Code Ann. §§ 11-4-201, *et seq.*, by failing to pay overtime to a group of individuals who were similarly situated. Middleton brings the FLSA claims individually and on behalf of others similarly situated. The Court has certified a collective action that includes all non-patrol detention officers/jailers employed by Defendant since August 1, 2015. Two individuals, Alvin Mills and

---

[1] In their briefing, the parties do not argue to the Court any differences in interpreting the FLSA and the AMWA. Generally, "[t]he FLSA and the AMWA impose similar minimum wage requirements on employers and, in cases involving claims brought under both acts, the courts have concluded that their parallel provisions should be interpreted in the same manner." *Stofer v. James Greene & Associates, Inc.*, No. 4:20-cv-00027-KGB, 2021 WL 1148708, at *7 (E.D. Ark. March 25, 2021). Thus, the Court will interpret Plaintiff Middleton's FLSA and AMWA claims in the same manner.

Charles Maxwell, have filed consents to join the collective action.[2]  Plaintiffs[3] allege that Defendant failed to pay them proper overtime compensation.

Pursuant to the FLSA, Defendant elected to utilize the 171 hour per 28-day pay period overtime threshold for all employees of the Sheriff's Office.  Sheriff's Office employees do not receive payment for overtime until they have exceeded 171 hours of time actually worked in a prescribed 28-day period.  Prior to January 2018, Defendant compensated its employees for overtime hours worked with a grant of compensatory time off at the rate of 1.5 hours for every hour of overtime worked.  In January 2018, Defendant changed its overtime compensation policy and began paying cash compensation for all overtime hours worked at a rate of 1.5 times the effective hourly rate of pay.

Plaintiffs claim that Defendant did not fully compensate them for compensatory time off they had earned but not used prior to January 1, 2018, when Defendant switched to a cash compensation policy for overtime hours.  Defendant has submitted evidence that it issued a check to each Plaintiff on June 13, 2018, to compensate him for the compensatory time off earned prior to January 1, 2018.  ECF No. 48-1.  The evidence shows that Middleton, Mills, and Maxwell endorsed and negotiated their checks.  ECF No. 48-1, p. 4.  However, when asked about these checks in their depositions, Mills and Maxwell testified that they did not recall receiving a check for their compensatory time off.  Middleton testified that he received the check but believes that Defendant incorrectly withheld money from this check.

---

[2] Although the complaint contains a class action claim under AMWA, Plaintiff never moved for certification of an AMWA class action under Federal Rule of Civil Procedure 23.  Thus, the claims of Mills and Maxwell are based only on the FLSA.
[3] Throughout this opinion, the Court will use the term "Plaintiffs" to refer collectively to Middleton, Mills, and Maxwell.

2

It is undisputed that Plaintiffs were paid for every hour reported on their timesheets. However, they claim that their timesheets do not accurately reflect the hours they worked and that they worked overtime hours for which they were not paid. For example, Middleton testified in his deposition that overtime hours had to be approved and that sometimes the overtime hours that he had already worked were not approved and not recorded. Maxwell testified in his deposition that occasionally he would have to stay over his shift time by thirty minutes to an hour or attend training events for which he was not paid. Plaintiffs' specific testimony regarding overtime hours is as follows.

Middleton testified that he always recorded his work hours on the handwritten timesheet he submitted to Defendant the same day he performed the work or the morning thereafter. He further testified that the time he recorded was accurate. He stated he is not alleging in this lawsuit that he worked any hours that are not recorded on his timesheets. He stated that "sometimes" he was paid for overtime. ECF No. 45-2, p. 15. However, he also testified that he was not paid for all hours recorded on his timesheets. He recalled two separate instances that he had worked 75 overtime hours in a twenty-eight-day period and was paid for some but not all overtime hours.

In his deposition, Mills testified that there were "a lot of times" he would stay over his shift by thirty or forty minutes waiting on the next person to take over but that these extra hours were not recorded on his timesheet. ECF No. 45-3, p. 10. He stated that he did not recall "specific dates" that he did not get credit for overtime that he worked but there were "a bunch of times." ECF No. 45-3, p. 10,19. Mills testified that he was instructed to only report his regularly scheduled twelve-hour shifts on his timesheet but that he could not recall who gave him that instruction. Mills was asked if he knew which 28-day period he worked over 171 hours, and he stated he did not. When asked how much he thought Defendant owed him for overtime hours, Mills stated that

3

he did not know a "specific dollar" amount and was "going to let [his] lawyer figure that out." ECF No. 45-3, p. 23. He also testified that he did not know which twenty-eight-day periods he worked over 171 hours, and he did not know how much overtime he worked. According to Mills, either he or a payroll clerk filled out his timesheet. He stated that sometimes he would sign his timesheet in advance, and the payroll clerk would fill in the number of hours on his behalf. He testified that the payroll clerk would simply write down on the timesheet the number of hours Mills was scheduled to work without determining how many hours he actually worked. However, when asked if he or anyone else ever "wrote down a false number of hours on [his] time sheet," Mills responded "not that I'm aware of, no." ECF NO. 45-3, p. 34. When asked by his attorney to estimate the number of total hours he worked in a "two-week pay period on average for the duration of [his] employment," Mills responded "180-185 maybe." ECF No. 45-3, p. 32.

Moving now to Maxwell, he testified in his deposition that he would frequently stay over after his scheduled time on his shift but would not get paid for that time. He further testified that he attended some training events for which he was not paid. Maxwell recorded his own hours on his timesheet but stated that he was told to record twelve hours for his regularly scheduled shift even if he had worked more than twelve hours. He testified that he could not recall who gave him that instruction. When asked to state the amount of overtime pay Defendant owed him, he responded that it was "up to the attorney to decide for comp or for damages." ECF No. 45-4. Similarly, when asked how many overtime hours he worked that he was not paid for, he stated that he did not know. When asked by his attorney to estimate how many overtime hours he worked in a two-week period for which he was not compensated, Maxwell responded "between three and four." ECF No. 45-4, p. 17.

Defendant has submitted over 400 pages of timesheets and payroll data for Plaintiffs

showing that Plaintiffs were paid for all hours submitted on their timesheets. ECF No. 45-1. Defendant argues that it is entitled to summary judgment because Plaintiffs cannot offer proof of damages. Plaintiffs argue summary judgment should be denied because factual disputes exist as to whether their timesheets were inaccurate and whether they were fully compensated for their compensatory time off accrued prior to January 2018.

## II.  LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of a ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  DISCUSSION

Defendant is subject to FLSA provisions for public agencies engaged in law enforcement activities, which require it pay overtime at a rate of one and one-half regular pay to non-exempt employees engaged in law enforcement for all hours worked in excess of 171 hours in a twenty-eight-day work period.  *See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(b).  Plaintiffs claim that they were not paid for overtime hours worked that were not included on their timesheets.  Plaintiffs also claim that they were not compensated for the compensatory time off earned but not used prior to 2018.  "An employee who sues for unpaid overtime has the burden of proving that he performed work for which he was not properly compensated."  *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014).

### A.  Accrued Compensatory Time Off

Defendant contends that on June 13, 2018, it fully paid Plaintiffs for all compensatory time off accrued and not used prior to January 1, 2018.  Defendant has submitted images of cleared checks that were remitted to and negotiated/cashed by Gary Middleton, Charles Maxwell, and Alvis Mills as payment of their accrued compensatory time.  ECF No. 48-1, p. 4.  The checks were endorsed by Plaintiffs.  Defendant has also submitted the withholding breakdowns of these checks. ECF No. 48-1, pp. 5-7.  Both Mills and Maxwell testified that they did not recall receiving the checks, while Middleton claims he did not receive the full amount that was owed.  However, Plaintiffs' testimony is vague, and Plaintiffs offer no specific facts in support of their general assertions that Defendant did not fully pay them for the earned compensatory time off.  On the other hand, Defendant has submitted proof that Plaintiffs were paid by check in June 2018.  Thus,

no reasonable juror could believe that Defendants were not paid for their compensatory time off. Accordingly, Defendant is entitled to summary judgment as to Plaintiffs' claims regarding payment for accrued compensatory time off.

### B. Overtime Hours

Plaintiffs claim that they were not adequately compensated for the overtime hours they worked. Defendant argues that it is entitled to summary judgment on this issue because Plaintiffs have failed to put forth evidence sufficient to show the amount and extent of their work in excess of 171 hours in a twenty-eight-day work period. The Court agrees.

Plaintiffs have submitted contradictory testimony and bare assertions regarding their overtime hours. They use vague terms, such as "sometimes" and "a lot of times," to describe the amount of overtime hours worked but not compensated for. When asked by his attorney to estimate the number of hours worked in a two-week time period, Mills testified that he worked an average of 180-185, which the Court assumes was a misunderstanding of the question. Maxwell estimated that in a two-week period he worked on average three to four overtime hours for which he was not compensated. Middleton recalled two instances in which he worked 75 overtime hours in a twenty-eight-day period but stated that he was paid for some of the overtime hours worked. He provided no other details regarding these instances. Plaintiffs provided these estimates without a meaningful explanation of how they arrived at these estimates.

Plaintiffs claim that the timesheets do not accurately reflect the number of hours they actually worked. However, at various times, Plaintiffs testified that the timesheets were in fact accurate. There is no evidence as to specific weeks that Plaintiffs worked overtime for which they were not compensated, and Plaintiffs do not have notes or other documents regarding their hours that they could compare to the business records kept by Defendant regarding their hours. Even

taking the evidence in the light most favorable to Plaintiffs, the evidence is conclusory, inconsistent, not supported by specific facts, and insufficient to allow a jury to determine the amount and extent of alleged overtime work or to award damages. *See Holaway*, 771 F.3d at 1060 (holding that employee failed to put forth sufficient evidence to demonstrate the amount and extent of overtime work which would allow jury to find overtime hours as a matter of just and reasonable inference). Plaintiffs have failed to provide any evidence of actual damages. Accordingly, Defendant is entitled to summary judgment as to Plaintiffs' claims regarding unpaid overtime hours.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that the Motion for Summary Judgment (ECF No. 44) should be and hereby is **GRANTED**. Plaintiffs' FLSA claims are **DISMISSED WITH PREJUDICE**. Plaintiff Middleton's AMWA claims are **DISMISSED WITH PREJUDICE**. Judgment will be entered separately.

**IT IS SO ORDERED**, this 27th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge